OPINION
Defendant-appellant Shawn Fleming appeals from his conviction and sentence, following a guilty plea, for Possession of Crack Cocaine, in violation of R.C. 2925.11. Defendant's counsel has filed a brief pursuant to Anders v. California (1967),386 U.S. 738, indicating his inability to find claims of error having arguable merit. By entry dated April 16, 1999, we afforded Fleming an opportunity to file a brief in his own behalf, within sixty days of our entry. He has not done so.
We have conducted an independent review of the record, as required by Anders v. California, supra. We find that Fleming was originally charged with two counts of Trafficking in Crack Cocaine, within 1,000 feet of a school, one count of Possession of Crack Cocaine, and one count of Destruction of Evidence. Fleming's trial counsel obtained appropriate discovery, moved to suppress the evidence, contending that it was obtained as a result of an unlawful search, and also moved for disclosure of the identity of a confidential informant, whose information was used to obtain the search warrant of the premises where Fleming was found when he was arrested.
The trial court denied the motion to disclose the identity of the confidential informant, without a hearing. Following a hearing, the trial court denied the motion to suppress.
Trial on the four counts of the indictment commenced, and a jury was chosen, when, before any testimony was taken, Fleming entered into a plea bargain with the State, wherein he pled guilty to one count of Possession of Crack Cocaine. The other three counts were dismissed.
We have reviewed the transcript of the proceedings at which Fleming's guilty plea was tendered and accepted. We have also reviewed the proceedings of the hearing at which Fleming was sentenced to imprisonment for seven years, fined $7,500, and suffered a forfeiture of the property found in his possession at the time of the arrest, which appeared to be $990 in proceeds from drug sales.
We agree with Fleming's counsel's conclusion that there are no claims of error having arguable merit. In this connection, it is noted Fleming's guilty plea waived any errors that might previously have occurred, other than ineffective assistance of trial counsel. We have found nothing in the record to suggest that Fleming's trial counsel was ineffective.
Although the maximum sentence of imprisonment that Fleming might have received is eight years, and the actual sentence imposed was seven years, the trial court noted that it had reviewed the contents of the pre-sentence investigation report, which disclosed that Fleming had a prior criminal history that included a prior conviction for Carrying a Concealed Weapon, for which he was sentenced to prison, received shock probation, but then had his shock probation revoked. There was also some indication, to which the State referred at the sentencing hearing, that Fleming had a loaded .380 semi-automatic firearm in his possession at the time of his arrest. Under the circumstances, we conclude that any claim that Fleming might make that the trial court abused its discretion in sentencing him is without arguable merit.
Because we agree with Fleming's appellate counsel's conclusion, based upon the record, that there are no claims of error having arguable merit, the judgment of the trial court isAffirmed.
BROGAN and WOLFF, JJ., concur.
Copies mailed to:
Stephen C. Collins
Gregory K. Lind
Shawn F. Fleming
Hon. Gerald Lorig